## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

ARCHIE SLATER,                                          CIVIL ACTION
  **Plaintiff**

VERSUS                                                  NO.  23-1708

MARINE MGMT. SERV., INC.,                               SECTION: "E" (2)
CROWLEY MARINE SERV., INC.,
AND SHELL OFFSHORE, INC.,
  **Defendants**

## ORDER AND REASONS

Before the Court is Defendant Marine Management Services, Inc.'s ("MMSI") Motion to Transfer the above-captioned matter to the Northern District of Alabama.[1] Defendant Crowley Marine Services, Inc. ("CMS") has joined the Motion to Transfer in a separate motion.[2] Plaintiff has filed oppositions to each motion.[3] Defendants have filed replies.[4] For the following reasons the Motion to Transfer is **GRANTED**.

## BACKGROUND

Plaintiff filed a complaint in this Court on May 19, 2023, alleging personal injuries suffered in February 2022 on board the FPSO TURRITELLA, a vessel owned or operated by Defendants CMS and Shell Offshore, Inc. ("Shell"), while employed by Defendant MMSI.[5] Just one day prior, on May 18, 2023, MMSI filed a complaint seeking declaratory judgment related to MMSI's maintenance and cure obligations arising from the same events in the Northern District of Alabama.[6]

Defendants MMSI and CMS now seek transfer of the above-captioned matter to

---

[1] R. Doc. 9.
[2] R. Doc. 10.
[3] R. Doc.15; R. Doc. 16.
[4] R. Doc. 21; R. Doc. 23.
[5] R. Doc. 1.
[6] Case No. 23-632, R. Doc. 1 (N.D. Ala. May 18, 2023).

the N.D. Ala. based on the "first-filed" rule, arguing this case involves "substantial overlap" with the declaratory judgment action pending in the Northern District of Alabama.[7]

## LAW AND ANALYSIS

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[8] "In deciding if a substantial overlap exists, [the Fifth Circuit] has looked at factors such as whether 'the core issue ... was the same' or if 'much of the proof adduced ... would likely be identical.'"[9] Where "substantial overlap between [] two suits ha[s] been demonstrated," the second-filed court should transfer the case to the first-filed court to decide whether it should be "dismissed, stayed or transferred and consolidated."[10]

The "core issue" in this case involves the February 2022 injuries Plaintiff allegedly suffered on board the FPSO TURRITELLA.[11] The declaratory judgment action in Northern District of Alabama seeks judgment as to the maintenance and cure owed to Plaintiff in light of the same injuries.[12] While this case involves additional Defendants and claims, all claims arise from the same "core issue," namely the injury-causing incident in February 2022. Accordingly, there is substantial overlap between the two cases, and transfer to the first-filed court is warranted.

---

[7] R. Doc. 9-1; R. Doc. 10-1.
[8] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).
[9] *Gateway Mortg. Grp., L.L.C. v. Lehman Bros. Holdings, Inc.*, 694 F. App'x 225, 227 (5th Cir. 2017) (quoting *Int'l Fid. Ins. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)).
[10] *Cadle*, 174 D.3d at 606.
[11] R. Doc. 1.
[12] R. Doc. 9-1 at 5; Case No. 23-632, R. Doc. 1 (N.D. Ala. May 18, 2023).

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Defendants' motions for transfer are **GRANTED.**[13] This matter is hereby **TRANSFERRED** to the United States District Court for the Northern District of Alabama

**New Orleans, Louisiana, this 21st day of November, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] R. Doc. 9; R. Doc. 10. Defendants MMSI and CMS also argue for dismissal of this case based on lack of personal jurisdiction. The Court declines to address the merits of those arguments as transfer is warranted based on the first-filed rule. Should the Northern District of Alabama decide to dismiss the first-filed declaratory judgment action, and further find venue for this personal injury claim is proper in the Eastern District of Louisiana, the Court anticipates the personal injury claim will be transferred back to this Court and personal jurisdiction will be decided at that time.